THE STATE v. TOM JONES.

EXTORTION. *Indictment. Charge under common law.* Code 1892, §§ 1081, 1453.

Extortion in office under § 1081, code 1892, being a common law offense, by § 1453 it may be charged according to the statute or the common law, and, by the latter, it is sufficient to charge that it was committed "unlawfully, corruptly, deceitfully, extorsively and by color of office," without averring in the statutory language that it was knowingly done.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

Appellant, a constable, was indicted for extortion in office, by which, it was alleged, he obtained from Minerva Moore seven dollars. The language of the indictment is set forth in the opinion. Defendant demurred, on the ground that it was not averred in the language of § 1081, code 1892, defining extortion in office, that the money was *knowingly* demanded or received without authority, etc. From a judgment sustaining the demurrer and quashing the indictment the state appeals.

*Frank Johnston,* attorney-general, for the state.

1. Though § 1081, code 1892, defining extortion, uses the word "knowingly," it is not necessary, in an indictment, to

use it if words of similar import are employed. *Kline* v. *State*, 44 Miss., 317; *Harrington* v. *State*, 54 *Ib.*, 490. The words " wilfully and corruptly " are synonymous with " know-. ingly and corruptly." 2 Bish. Cr. Pro., § 922. So of the words "deceitfully and corruptly." Bouvier's Law Dic., Deceit. Where the statute uses the word " knowingly," the scienter should be averred. 2 Bish. Cr. Pro., § 364. The words "corruptly and deceitfully " necessarily imply guilty knowledge. *Ib.*, § 390.

2. The offense charged is against the ·common law as well as the statute, and may be charged under either. Code 1892,. § 1453. The indictment is sufficient at common law.

*J. H. Wynn*, for appellee.

The charge was insufficient. The word " knowingly," being in the statute, must be in the indictment. Wharton's Cr. Pl. & Pr., 269; 1 Bish. on Cr. Pro., §§ 504, 613; 2 *Ib.*, §§ 364, 922;. Bish. on Stat. Crimes, § 733; 54 Miss., 490. ·

The omission of the word " knowingly " is not cured by the word " corruptly." One may corruptly do a lawful thing. An officer may receive fees which he thinks he is not entitled to, but which are allowable. In such case, he acts corruptly, but not unlawfully. The gist of the offense is that the defendant received as fees money, *knowing* he was not entitled to the same.

WOODS, J., delivered the opinion of the court. ·

The misdemeanor for which appellee stands charged in this indictment was an offense at common law, and, under § 1453, code 1892, may be described according to the common law or according to the statute. The indictment charges that the offense was committed " unlawfully, corruptly, deceitfully, extorsively and by color of office," etc. Reference to authorities will show at once that the offense is sufficiently charged and described according to the common law.

*Reversed, demurrer overruled and cause remanded.*