THE STATE *v.* J. M. McDOWELL.

CRIMINAL PROCEDURE.  *New trial.  Appeal by the state.  Code* 1892, § 39.

> Under § 39, code 1892, the only authority for appeals by the state in
> criminal cases, appeals are allowed only from final judgments.  If
> an appeal is prosecuted by the state from a judgment setting aside
> a conviction and awarding a new trial, this court, on its own mo-
> tion, will dismiss it.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

Appellant was indicted for robbery.  After the state had
closed its evidence, defendant moved to eliminate or strike out
the charge of robbery, because the testimony made, at most,
only a case of larceny.  The court sustained this motion, and the
trial proceeded, resulting in a verdict of conviction for grand
larceny.  The defendant thereupon moved for a new trial, and
the motion was sustained.  Without waiting for another trial,
the district attorney prosecuted this appeal, and assigns for
error the action of the court in eliminating the charge of rob-
bery and restricting the state to a trial for grand larceny.

*F. A. McLean*, district attorney, for the state.

*Bramlett & Tucker*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

The judgments from which the state may appeal are provided
for in paragraphs one, two, three, § 39, code of 1892.  By
paragraph one an appeal is allowed from a judgment sustaining
"a demurrer to or a motion to quash an indictment or an affi-
davit."  Such judgment is final, and ends prosecution under
such an indictment or affidavit, unless reversed.

By paragraph two an appeal is allowed "from a judgment

actually acquitting a defendant, where a question of law has been decided adversely to the state." The judgment meant here is a final judgment following a trial on the merits, a judgment " actually acquitting a defendant." This is shown by the provision that " the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed."

By paragraph three an appeal is allowed from " a ruling adverse to the state in every case in which a defendant is convicted and prosecutes an appeal." The judgment meant here is a final judgment following a trial on the merits convicting a defendant. Paragraphs two and three are complementary to each other—the one providing for appeal from a final judgment acquitting, the other for an appeal from a final judgment convicting—in the states of case provided, the judgments in both cases being final judgments on the merits. The whole context shows this to be the character of appeals allowed the state. It is not intended that there shall be interlocutory appeals in criminal cases, or piecemeal appeals. The appeal in this case is prosecuted while the defendant is still unacquitted or unconvicted by any final judgment, and is, therefore, premature. The point is not made by counsel for appellee, but that the proper procedure on such appeals may be observed, we have thought it our duty to notice it.

*The appeal is dismissed.*