STATE OF MISSISSIPPI *v.* JAMES W. GILLIS.

75   331<br>f77   369

1. CONSTITUTIONAL LAW. *Imprisonment for debt. Constitution* 1890, *section* 30. *Code* 1892, ₰ 1063.

    The statute, code 1892, ₰ 1063, which makes it a crime for officers, guardians, and others exercising public employment to fail to pay over money which comes to their hands by virtue of their office or employment, when lawfully required so to do, is not unconstitutional. It does not provide for imprisonment for debt within section 30 of the constitution of 1890.

2. SAME. *Ex post facto laws. Constitution of* 1890, *section* 16. *Code* 1892, ₰ 1063.

    The statute, code 1892, ₰ 1063, is prospective only; it cannot be applied to acts performed before it became operative. If a guardian received moneys of his ward, and converted them before the statute became operative, he cannot be punished under the section for a failure to pay over. Such an application of the statute would be *ex post facto* and violative of section 16 of the constitution of 1890, although the conversion and failure to pay over were conjointly an offense under previous laws.

.3. Same.   *Code* 1892, ¿ 5; *code* 1880, ¿ 2787; *code* 1892, ¿ 1063.

Where the conversion to one's own use of money, and failure to pay over, conjointly constitute the crime under the old law, as provided in code 1880, ¿ 2787, and by the new law, code 1892, ¿ 1063, the conversion is a crime of itself, and the failure to pay over is also a crime, and the conversion was before the code of 1892 became operative, and the failure to pay over afterwards, the case is not within the saving of code 1892, ¿ 5, providing for the punishment of offenses committed before the code became operative.   That section relates only to completed offenses.

-4. Same.   *Indictment.*

If, in such case, the indictment charges the defendant with having the money after the new law became operative, and with a failure to pay over thereafter, the same is good, although the money is shown to have been received before.   The new law (code 1892, § 1063) is not *ex post facto* in its application to a case where the money was in defendant's custody after the new law became operative, and the failure to pay over was also thereafter.

.5. Criminal Procedure.   *Repeal of statute.*

If two acts conjointly constitute a crime under a statute, and, by a new statute, each of the acts, or elements of the crime, is made a separate offense (the new statute, repealing the old law, containing no saving, except for completed offenses), and one of the acts be performed before and the other after the new law becomes operative, a prosecution cannot be maintained under the old law, because of its repeal.

From the circuit court of Winston county.

Hon. G. B. Huddleston, Judge.

The appellee was indicted under § 1063, code 1892, which is in these words: "If any state officer, or any county officer, or an officer in any district or subdivision of a county, or an officer of any city, town, or village, or a notary public, or any other person holding any public office or employment, or any executor, administrator or guardian, or any trustee of an express trust, any master or commissioner or receiver, or any attorney at law or solicitor, or any banker or collecting agent, or other person engaged in like public employment, or any other person undertaking to act for others, and intrusted by them

with business of any kind or with money, shall unlawfully convert to his own use any money or other valuable thing which comes to his hand or possession, by virtue of his office or employment, *or shall not, when lawfully required to pay over such money or deliver such thing, immediately do so, according to his legal obligation, he shall, on conviction, be imprisoned in the penitentiary not more than twenty years, or be fined not more than one thousand dollars, or imprisoned in the county jail not more than one year." The indictment charged that appellee was the guardian of an infant, and, as such guardian, collected moneys belonging to the ward, in the years 1887, 1888, 1889, 1890, 1891, and 1892, and then and there (March, 1893), having the same in his custody, did wilfully, fraudulently, and feloniously fail to pay over the said moneys to his successors, etc. Appellee demurred to the indictment, and, among other causes of demurrer, the following were specifically assigned: (*a*) Because said indictment is in violation of the thirtieth section of the constitution of Mississippi; (*b*) because said indictment seeks to imprison defendant for debt; (*c*) because that part of § 1063, code of 1892, under which the indictment is drawn, is unconstitutional; (*d*) because said indictment seeks to punish defendant under the code of 1892 for acts done before that code was enacted. The difference between the code of 1880, § 2787, and code of 1892, § 1063, is shown in the appended footnote and in the opinion of the court. The demurrer was sustained in the court below, and the state appealed.

*J. A. P. Campbell*, for appellant.

The indictment charges an offense under § 1063 of the code of 1892, but not under its prototype in the code of 1880. The money was received when the law made its conversion and failure to pay a crime. If the indictment charged an offense under the code of 1880, it would be good by virtue of § 5 of the code of 1892. It charges an offense under the code of 1892 because,

---

*In the prototype of this section, code of 1880, § 2787, "and" was here used instead of "or."

by that, failure to pay over money "which comes to his hands or possession by virtue of his office" is a crime. That is the exact language of § 2787 of the code of 1880. It was continued without change. The law was that unlawful conversion and failure to pay made the crime. The law is that having the money and failing to pay constitute the crime. The indictment avers that the defendant had the money in March, 1893, and failed to pay when ordered. It is not permissible to change the conditions of criminal liability after the act. The money was received when unlawful conversion and failure to pay made the crime. The failure to pay occurred under the later act. If the money was converted while the code of 1880 was in force, the crime was partly committed then by an "act done," and being not paid over after the code of 1892 became operative, was complete. Begun by an act done—a step taken towards the commission of crime in process of commission when the change in the law was made—it became a complete offense by virtue of the continuity (*Anding* v. *Levy*, 57 Miss., 51) of the law, as provided by §§ 4 and 5 of the code of 1892. The effect of the change was not to condone the partly consummated crime, but to leave it wholly unaffected as to "any act done," and, when completed by what was an offense by both codes (conversion and failure to pay), to subject to the penalty prescribed by the code of 1880 included in the greater penalty prescribed by the code of 1892. The change from one code to the other had not the effect to relieve against criminal acts done or being done. If this is not the correct view, a partially committed crime, one consisting of several acts, would be condoned contrary to the purpose and declaration of the code.

As to the continuity of law, see *Anding* v. *Levy*, 57 Miss., 51, which would support a conviction on the facts assumed, independently of §§ 4 and 5, code 1892. The cases cited by opposing counsel have no application, for the reason that the repealing statutes they dealt with had not the saving provisions of the code of 1892. The increase of penalty by the code of

1892 presents no difficulty since that of the code of 1880 is included· in the greater prescribed by that of 1892,.and this defendant, if convicted, will be punished in accordance with the former law. It is not true that the conversion must have been since the code of 1892, or that failure to pay is, by that code, an offense only when the money is in hand, not having been converted. That would defeat the statute completely. The manifest object of the change of the code of 1880, by substituting '' or '' for '' and,'' was to make mere failure to pay over the trust money *per se* criminal. The constitutionality of § 1063 of the code of 1892 is beyond dispute, but I allude to it because of what I consider the absurd view of the Alabama court in *Carr* v. *State*, 106 Ala., 35, of a similar statute. It seems ridiculous to deny power to punish persons acting officially or in a public capacity, and receiving money in a trust relation, and basely violating duty, on the ground of the prohibition of imprisonment for debt. The object of that is well known, and it is amazing that the base breach of a solemn trust could be seriously treated as a mere debt. The 57 Ga., 407; 153 Ill., 56; 38 S. C., 263, reported in 37 Am. St. Rep., 752, with a note, present the true view, and the question should be considered as settled by our decisions—*Hemingway* v. *State*, 68 Miss., 371, and *Hughes* v. *Lake*, 63 Miss., 552.

*Critz & Becket*, for appellee.

The indictment charges a failure to pay over money in 1893, under § 1063, of the code of 1892. Hence, the indictment must affirmatively show that the defendant had the money in hand after that code went into effect. It cannot be a crime to fail to turn over money he did not have; and, so far as the present statute is concerned, his status is the same as if he never had the money at all. The court will bear in mind that this statute must be strictly construed for two reasons: (1) Because it is a criminal statute, and (2) because it is an innovation upon the common law. '' This section first appears in our laws

in the code of 1880, and is the creation of an offense, prior to
the adoption of that code, unknown to our jurisprudence.''
*Hemingway* v. *State*, 68 Miss., 371. Under the code of 1880
there are two distinct and essential elements in the offense.
''There must be both an unlawful conversion, and joined or
added thereto a failure to immediately pay over the thing con-
verted when required. Where there has been an unlawful con-
version under this section (§ 2787, code 1880), and an imme-
diate restoration when required, the offense does not exist.''
*Hemingway* v. *State*, 68 Miss., 371; code 1880, § 2787. So
the defendant cannot be punished under the code of 1880, be-
cause the failure to pay over when required did not occur till
1893, after the repeal of the code of 1880. Section 2787,
code of 1880, was repealed by code of 1892, § 3. *Vicksburg* v.
*Ins. Co.*, 72 Miss., 58. The saving clause in the code of
1892 does not apply, because it is limited to offenses ''com-
mitted'' (completed) under code of 1880, prior to November 1,
1892. ''Committed'' is in the past tense, and denotes com-
pleted action, no part of which can be in the future. Code of
1892, §§ 3 and 4. The code of 1892, § 1063, is *ex post facto*
as to this case. As above stated, the conversion was prior to
November 1, 1892, and, for this reason the code of 1892 is, of
necessity, *ex post facto* as to the offense of conversion. *Lind-
sey* v. *State*, 65 Miss., 542; *Hodnett* v. *State*, 66 Miss.,
26; Cooley on Const. Lim., 321–329; 1 Bish. Cr. L., sec.
281; 1 Kent's Commentaries, 409; *Caldwell* v. *Bull*, 3 Dall.,
386; *Harting* v. *People*, 22 N. Y., 95; *King* v. *Missouri*, 107
U. S., 221; *Com.* v. *McDonough*, 13 Allen, 581; *State* v. *Hall*,
2 W.asw., 366; *Gorvey* v. *People*, 6 Col., 559; *State* v. *Willis*,
66 Mo., 131. For a still stronger reason is § 1063, code of
1892, *ex post facto* as to former offenses, or as to offenses essen-
tial parts of which were committed prior to November 1, 1892.
(1) Section 2787, Code of 1880, puts the maximum penalty at
five years in the penitentiary. Section 1063, code 1892, in-
creases the maximum penalty to twenty years in the peniten-

tiary. (2) The code of 1880 connects the two elements of the offense by the conjunctive "and"—shall unlawfully convert "and" shall not immediately pay over when required. § 2787. A legal or judicial mind cannot tolerate for a moment a conviction under this statute, on account of money squandered or lost before it was enacted, or the imprisonment of the defendant for twenty years, under this law, for an offense the penalty for which was but five years imprisonment when it was committed. The old statute having been repealed before the second essential step in the offense was taken, the defendant is a debtor, but not a criminal, and "there shall be no imprisonment for debt." Mississippi constitution, sec. 30.

Argued orally by *J. A. P. Campbell*, for the state.

WHITFIELD, J., delivered the opinion of the court.

The indictment does aver, as we think, that the defendant had the money, which he had received in the years stated, in his hands on March 1, 1893, and failed to pay it over when ordered to do so. After stating that defendant was guardian on March 1, 1893, and had received during the years 1887, 1888, 1889, 1890, 1891 and 1892 (without saying in what part of the year 1892), the sums of money, it then avers that he was "then and there," on March 1, 1893, due his ward said money; and then avers that, "so having said money in his hands, received as aforesaid, it was then and there his duty to faithfully account," etc., and to "deliver up said moneys," etc., "agreeable to the order of said chancery court," etc., and that he was ordered to pay it over, and failed and refused to do so, and then concludes by averring that the said "Gillis, in failing to pay over said money as he was required to do, did then and there unlawfully convert," etc. This language is only satisfied by understanding the indictment to charge that Gillis, having then and there (that is, on March 1, 1893) the said money, which, as a separate act, he had theretofore in the years stated

received, and which he was to deliver up when ordered, did, when so ordered, convert it to his use so having it, by failing to pay, etc. The indictment, therefore, is good on the second clause of § 1063 of the code of 1892. If it should be shown on the trial that the money was never in hand since the code of 1892 went into effect, of course the defendant would be acquitted under this indictment, since the language of § 1063 is prospective, and could not receive an *ex post facto* application to the case of one who had never had the money since § 1063 became the law. Neither, in that event, could he be punished under the code of 1880, § 2787. The offense created by that section was never a crime in this state before, as held in *Hemingway* v. *State*, 68 Miss., 405. Being the creature of statute, it could only be dealt with under statutes. Now, under § 2787, code of 1880, it took both conversion and failure to pay when required, to complete the crime. Unless both things had been done, there was no crime. Here, plainly, there was no failure to pay over when required, under the code of 1880, but only under the code of 1892, § 3 of which repealed the code of 1880, and the saving clauses of code of 1892, §§ 3, 4 and 5, so far as crimes are concerned (§ 5) relate alone to " completed " offenses. We think it is clear that an application to this case of § 1063 of the code of 1892 would be *ex post facto*, if it be true that the money was not received after the code of 1892 went into effect, and the money was converted before. Under § 2787, code of 1880, both conversion and failure to pay over when required were necessary to constitute the particular crime therein created. Under § 1063 of the code of 1892, the use of " or " instead of " and " makes either of these things a felony. Under the code of 1880, five years constituted the maximum punishment; under the code of 1892, twenty years constitute the maximum punishment. The elements of the two offenses are wholly different, and the maximum punishment increased by fifteen years. It is too clear for disputation that § 1063, of the code of 1892, would be *ex post facto* if applied to the

conversion when that occurred before its adoption; and it is equally clear that it would be *ex post facto* as to the failure to pay over, in a case where the party defendant never had the money until after the adoption of the statute making it, for the first time, a crime to fail to pay when required.  See the authorities in brief of learned counsel for appellee.

The argument that there has never been any change in the law by reason of the use of the words '' any act done,'' in § 4 of the code of 1892, is not sound, as the above analysis of the statute shows.  *Anding* v. *Levy*, 57 Miss., 57, has no application.  There the repealing statute re-enacted the clause of the repealed statute under consideration *ipsissimis verbis*, and, of course, that clause was continuously the law, without an instant's break.  But the case here, as above shown, is widely different.  A construction of a saving clause (§ 5, code of 1892) which relates alone to offenses completed (as expressly declared, offenses consummated in the past), which would bring forward an act—conversion—no crime under the code of 1880, though completely consummated, and give it its character as a crime for the first time under the code of 1892, § 1063, first making it such, and still punish it under the code of 1880, under which it never was an offense, is far beyond support.  We do not wish, however, to be understood as intimating the opinion that under § 1063, of code of 1892, the mere failure to pay, when required, money which the party had received under that code, is not made a crime.  We think that the very purpose of said clause was, for the first time, to make the mere failure to pay over, when legally required to do so, a felony, as to the future, provided the money had once been received under the code of 1892.  That was clearly within legislative power.  We have thought it proper and necessary to say this much for the guidance of the court below in the further progress of the case.

*Since the indictment is good, under the last clause of* § 1063 *of the code of* 1892, *the judgment is reversed, and the cause remanded for further proceedings.*