STATE OF MISSISSIPPI *v.* WILLIAM BACON.

1. CRIMINAL LAW. *Grand jury. Bailiff in room.*

The presence of the bailiff in the grand jury room during a part of its deliberations on a case, is not sufficient cause to quash an indictment found therein.

2. SAME. *Interloper.*

The presence of an interloper before the grand jury, and statements there made by him charging the guilt of a person, are not sufficient cause to quash an indictment found against such person in the absence of a showing that such acts and statements influenced the presentment.

3. SAME. *Code* 1892, § 39. *Retrial.*

Under § 39, code 1892, providing for appeals by the state from judgments quashing indictments, and that such appeals shall not bar another prosecution, where a judgment quashing an indictment is reversed, the case will be remanded, and a new trial ordered on same indictment.

FROM the circuit court, second district, of Carroll county.

HON. WILLIAM F. STEVENS, Judge.

William Bacon, the appellee, was indicted for manslaughter. He moved to quash the indictment, basing the motion on two grounds: (1) That the bailiff of the grand jury was improperly in the grand jury room during the deliberations upon the indictment; and (2) that a person, who was not a member of the grand jury, not a witness in the case for any purpose, not subpœnaed before the grand jury, and had no knowledge of any of the facts or circumstances of the homicide, and not related in any manner whatever to the deceased, unlawfully and improperly intruded himself upon the grand jury while investigating and deliberating upon the homicide, and, in a malevolent and vindictive spirit, urged, in strong language, the indictment of defendant, insisting that he was guilty of a

diabolical murder, and that public sentiment demanded an indictment. At the trial on the motion to quash the indictment, several members of the grand jury were introduced as witnesses, and testified touching the conduct of the bailiff and intruder during their deliberations. The evidence shows that the bailiff was in the grand jury room part of the time, and out part of the time; that he was passing in and out; that the intruder applied for admission several times, and was finally admitted by order of the foreman, was sworn, and answered the routine of questions propounded to him; that he made some reference to, but knew nothing of his own knowledge about, the case. Several witnesses testified that the intruder stated, while in the grand jury room, that Bacon ought to be indicted. From a judgment sustaining the motion to quash the indictment, the state appeals.

*Wiley N. Nash,* attorney-general, for appellant.

The case of *Hammond* v. *State,* 74 Miss., 214, shows conclusively that this indictment should not have been quashed. It is asked that the judgment of the court below in this case be reversed, the motion to quash the indictment overruled, and the appellee held to answer the indictment.

*McClurg & Flowers,* for appellee.

A bailiff of the grand jury, technically speaking, is unknown to the constitution and the statutes of this state. A bailiff is not mentioned in the constitution, and only incidentally in the code.

Of all the officials known to the law, he is at the same time the most insignificant and most pestiferous. Without a single prescribed qualification, without bond, without prescribed duties, he at once takes charge of juries and proceeds to handle them like a captain does his company. The decision of this court and all the books bear abundant evidence of his restlessness, self-importance, intermeddling and expense to the county. Not a few worthy subjects have escaped the locks and bars of

the penitentiary, and even the hangman's noose, at heavy cost to the community, because the bailiff took a hand in the case. Likewise, many have been broken up in their estates and destroyed in the estimation of the public by charges of crime of which they were innocent or excusable, because the bailiff, as in this case, let in the vicious to reap revenge. If he cannot be entirely suppressed, it may be possible, we hope, in some degree at least, to restrain him.

In *Barnett* v. *Eaton*, 62 Miss., 768, a civil suit, the judgment was reversed and the verdict set aside because the bailiff, a garrulous, gabby old man, diverted the attention of the jury from the consideration of the case "by noisy and repeated history of his own exploits in early life." It is announced by the court that "litigants are entitled to have their own controversies in the courts settled by that tribunal to which the law commits their decision, a jury of twelve sworn men, and not a sworn jury and a bailiff."

In the well considered case of *Skates* v. *The State*, 64 Miss., 644, this court holds "that it is not the possibility of being tampered with that vitiates the verdict of the jury; the verdict should stand unless there be enough shown to create well-founded suspicion in the impartial judicial mind that unlawful influence have been exerted" upon the jury.

In *Brown* v. *The State*, 69 Miss., 398, a conviction of murder was reversed because the bailiff suggested to the trial jury, while considering the case, "that they should no longer delay their decision, as he wished to be relieved of further waiting, and by his officious intermeddling in pointing out an instruction . . upon which, in the opinion of the prosecuting attorney, they would be able to agree upon a verdict."

Aside from the conduct of the bailiff this court has placed its condemnation at least three times upon such conduct as this interloper is shown to have been guilty of in this case. And it is shown, as we believe, that he violated every principle announced in all three of the cases.

It is a serious mistake to suppose that the right of one accused or suspected of crime to the orderly and impartial administration of law begins only after indictment.  *Wilson* v. *The State,* 70 Miss., 595; *Welch* v. *State,* 68 Miss., 341; *Durr* v. *The State,* 53 Miss., 425.

The court should not remand the cause for a further prosecution, as asked by the attorney-general, even should it decide the indictment was erroneously quashed.  Both the constitution and the statute guarantee liberty, especially since appellee has been discharged from the prosecution, until another indictment is presented, for that is the beginning of "another prosecution," and from all else the state is barred or precluded.  Sec. 22, con. 1890; Ann. code, §§ 39, 1343.

WHITFIELD, J., delivered the opinion of the court.

After careful consideration of the testimony in this record, we are constrained to hold that the action of the circuit judge in quashing the indictment was incorrect.  The proof clearly shows that the bailiff exerted no influence on the grand jury. *Green* v. *State.* 59 Miss., 505, states the true rule on this point.

The facts as to the intruder's conduct fall far short of showing an exertion of improper influence measuring up to that shown in *Wilson* v. *State,* 70 Miss., 595 (13 So. Rep., 225). The intruder did not act as district attorney, did not have the witnesses summoned for the state, and did not draw the indictment.  The action of the grand jury must be free from malice, prejudice or passion.  But its solemn findings are not to be set aside for light or trivial causes, or anything short of a sufficient, substantial showing.  In accordance with previous decisions, the case must be remanded for trial on the indictment.  We so expressly held in *McDowell's case,* 72 Miss., 138 (17 So. Rep., 213) ; and such is the holding in *Jolly's case,* 73 Miss., 42 (18 So. Rep., 541) ; *State* v. *Gillis,* 75 Miss., 331 (24 So. Rep., 25) ; and *Jones' case,* 71 Miss., 872 (15 So. Rep., 237).  We have construed "another prosecution" to mean, in this statute (§ 39,

77 Miss.—24

code 1892), another trial on the same indictment. The purpose of the law is not to permit those validly indicted to escape trial on the merits by reason of an improper quashal of the indictment by the circuit court. If, in such case, the only method of continuing the prosecution was by the finding of a new indictment, it might be that witnesses might die, or there might occur many things hindering and delaying the administration of justice, whereby parties once properly indicted might escape both reindictment and a trial on the merits.

*Judgment reversed, and motion to quash overruled, and cause remanded for trial on the indictment.*