## PEOPLE v. GLASER.

(Supreme Court, Trial Term, Queens County.   May, 1908.)

1. INDICTMENT AND INFORMATION—SETTING ASIDE INDICTMENT—GROUNDS.

Under Code Cr. Proc. § 313, providing that the indictment shall be set aside when a person not authorized to attend has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, the fact that such a person was present when defendant gave false testimony before the grand jury is not ground for setting aside the indictment for perjury for such false testimony, subsequently found by such grand jury; no unauthorized person being present when the charge of perjury was under consideration.

2. PERJURY—ELEMENTS OF OFFENSE.

The fact that a person not authorized is present when one takes an oath and gives false testimony before a grand jury does not render its proceedings extrajudicial and void, and so save the act of the witness from constituting perjury.

3. INDICTMENT AND INFORMATION — SETTING ASIDE INDICTMENT—MOVING PAPERS.

Where a grand jury was in session from January 6th, and on January 10th, a witness gave false testimony before it, and after January 20th no unauthorized person was before it, and February 1st it presented an indictment for perjury against such witness, his affidavit does not, as against the presumption that the proceedings of the grand jury were regular, show the grand jury considered the charge embraced in the indictment before January 21st, and so while one unauthorized to attend was present before it, thus rendering the indictment subject to be set aside, under Code Cr. Proc. § 313; the affidavit being that immediately before and after deponent had testified the grand jury summoned persons before it for the purpose of testing the veracity of his testimony, and that during all these examinations and the consideration of the matters out of which arises the charge embraced in the indictment there was present, from January 6th to January 20th, a person unauthorized to attend.

George L. Glaser, having been indicted, moves to set aside the indictment.   Motion denied.

William Willett, Jr. (Charles S. Whitman, of counsel), for the motion.

Wm. Schuyler Jackson, Atty. Gen. (Joseph D. Edelson, Deputy Atty. Gen., of counsel), for the People.

GARRETSON, J.   The defendant was indicted, by the grand jury impaneled at the January term of this court, for the crime of perjury.   By permission he has withdrawn his plea of not guilty, and now moves that the indictment be set aside "upon the ground that the Attorney General or his deputy had no right to proceed herein in the place and stead of the district attorney of Queens county."

The grand jury was duly impaneled, sworn, and charged by the court on the 6th day of January, 1908, and entered upon the performance of its duties.   On the 1st day of February it came into court, presented the indictment in question, and thereafter continued its labors until the 29th day of the same month, when it was discharged for the term.   It appears from the indictment that the testimony upon which the charge of perjury is predicated was given by the defendant before the grand jury after the administering of an oath to him by

the foreman on the 10th day of January, and while that body was in session and engaged in an inquiry relative to the alleged misconduct of public officials in the county, and others, in the matter of the purchase by the city of New York of certain lands for a public park, and generally known and styled as "Kissena Park," which inquiry the court, in its charge to the grand jury at the opening of the term, had advised should be a subject of investigation.

The papers submitted hereon show that on the 30th day of December, 1907, the Attorney General appointed Nathan Vidaver, Esq., a deputy Attorney General, who, pursuant to such appointment, and on the same day, took his oath of office, which oath was filed in the office of the Secretary of State on the 10th day of January, 1908. It is also shown that on the 20th day of January the Governor of the state, pursuant to the provisions of "the executive law" (being section 52, c. 683, p. 1697, of the Laws of 1892, as amended by chapter 821, p. 648, of the Laws of 1895), by requisition in writing, filed in the office of the Secretary of State on that day, required the Attorney General, among other specifications, to attend in person or by one of his deputies such January term of this court, and appear before the grand jury for the purpose of managing and conducting in said court and before the said grand jury any and all proceedings, examinations, and inquiries concerning or relating to any criminal charge against any person arising, growing out of, or based upon any purchase of land by said city for such park. It is stated by the defendant in his affidavit that, when he appeared before the grand jury on the day he gave the alleged false testimony, the deputy Attorney General was present; that the defendant was sworn as a witness, the oath being administered by the foreman of the grand jury; that said deputy, acting for the grand jury, examined and cross-examined the defendant as to his acts and relations to the matter; and on information and belief, the defendant also says:

"That immediately before and after deponent had so testified that said grand jury summoned before it various persons named by your deponent, for the purpose of testing the veracity of the communications made to the grand jury by your deponent, and that during all these examinations and the consideration of the matters out of which arises the charges embraced in the indictment against your deponent there was present, from the 6th day of January to the 20th day of January, said above-mentioned Nathan Vidaver, without authority and warrant of law."

And thereupon the defendant claims:

"That such presence before the grand jury is a violation of law and makes void any and all proceedings had at and during said unauthorized presence."

These allegations, it is insisted, show that disregard was had of the defendant's rights, and that the case is brought within section 313 of the Code of Criminal Procedure, which, so far as it is applicable, reads as follows:

"The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases but in no other. (1) * * * (2) When a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four."

The excepted sections last mentioned relate to the giving of advice by the court, and the permissible presence of the district attorney, and it is not requisite that they be recited at length. It is not suggested that the deputy was not properly before the grand jury after the 20th of January, but it is claimed that his presence there prior to that date was wholly unwarranted by law and vitiated all of the proceedings of the grand jury, so that their acts and proceedings were extrajudicial and wholly null and void.

Assuming, for the purpose of argument only, that the deputy Attorney General was not authorized to attend upon the investigation prior to the 20th of January, yet his "unlawful presence" did not have so grave and far-reaching an effect as to suspend the powers of that body and render all of its acts null and void; and assuming, also, for the like purpose only, that the "unlawful presence" vitiated the acts of the grand jury, it only served to require the court, upon a defendant's motion, to set aside an indictment found, and that, not because of the "unlawful presence" when a witness took an oath administered in due form of law and gave false testimony upon which the indictment is based, but because of such presence when the charge embraced in the indictment was under consideration. The defendant has assumed that on the day he was sworn and gave testimony the charge was being considered; but the fact is, and the indictment so avers, that then the alleged crime of perjury was committed. It cannot with propriety be held, and no case has been cited, or found upon independent research, to sanction the holding that it was not perjury to take an oath and give false testimony before a grand jury because at the time a person was present who was not permitted by law to be present in the grand jury room.

Just when the grand jury arrived at the conclusion that the testimony was untrue, and that prima facie the crime was committed, and took the charge under consideration, is not indicated, and must be left to conjecture. It cannot be gathered, even inferentially, from the papers submitted. It is not established by the defendant's affidavit, either from the direct averments or those made upon information and belief. As against the presumption that the grand jury acted in accordance with law and that its proceedings were regular, these averments are not sufficient proof of the irregularities alleged to have brought the case on this motion within the provisions of section 313 above cited. The grand jury, with the deputy qualified to act as its legal adviser, was in session from the 20th of January, and thereafter and on the 1st of February handed the indictment to the court. It must be presumed in the absence of evidence to the contrary, that within this period of time that body took cognizance of the alleged offense committed before it on the 10th of January, had the charge under consideration, and found the indictment.

I find no merit in the defendant's contention, particularly in that he insists that from the 6th to the 20th of January the grand jury was functus officio, or an extrajudicial body. It may also be observed that it is doubtful if the presence of the deputy Attorney General before the grand jury was unlawful at any time, in view of the history of the office of Attorney General and the powers and duties which

have been incident to it from the earliest days of its existence. It is not needful, however, to elaborate this point, and it will suffice to refer to the able and interesting opinion of Goff, R., in People v. Kramer, 33 Misc. Rep. 209, 68 N. Y. Supp. 383, for a logical and instructive exposition of the subject.

For the reasons above expressed, the motion must be denied. Let an order be entered accordingly, whereupon the defendant must immediately answer the indictment.