### PEOPLE v. WELZ.

(Supreme Court, Trial Term, Queens County.    May, 1908.)

1. INDICTMENT AND INFORMATION—GROUND FOR SETTING ASIDE INDICTMENT.

It is not ground for setting aside the indictment, but matter of defense, that the form of the oath administered, and under which was given the testimony on which is based the indictment for perjury, was not that prescribed by law.

2. SAME—SETTING ASIDE INDICTMENT—INSPECTION OF GRAND JURY MINUTES—MOVING PAPERS.

The averment of defendant, in the moving papers for inspection of the minutes of the grand jury for the purpose of moving to set aside the indictment, that he has been informed by persons who were examined as witnesses before the grand jury while they were investigating the charge made against defendant, and while the same was under consideration, that other persons unauthorized by law were permitted to be present at such times, is too indefinite, and does not credibly show the fact of such unauthorized presence.

John Welz, having been indicted, moves for permission to inspect the minutes of the grand jury. Motion denied.

Edward Kaufmann, for the motion,

Wm. Schuyler Jackson, Atty. Gen. (Joseph D. Edelson, Deputy Atty. Gen., of counsel), for the People.

GARRETSON, J. The defendant has been indicted by the grand jury of the county for the crime of perjury, and also for the crime of offering false evidence in the form of a paper writing. By permission of the court he has withdrawn his plea of not guilty, heretofore interposed to each charge, and for the purpose of moving to set aside the indictments makes this joint motion that he be furnished with a copy of the minutes of the testimony upon which the indictments were severally found.

Briefly stated, the specification of the grounds of the motion are: (1) That the indictments were found upon wholly insufficient evidence; (2) that the oath administered to him, and under the sanction of which he testified, was not in due form of law; and (3) that persons were unauthorizedly present during the session of the grand jury while the charge embraced in each indictment was under consideration.

In the case of People v. Glaser (decided herewith) 112 N. Y. Supp. 323, this court has held that it cannot assume to pass upon the sufficiency of the evidence on a motion to set aside an indictment, where it does not appear that there was no legal or competent evidence to

sustain the charge, or that a constitutional right of the defendant was impaired. Upon this ground the papers on this motion are no stronger than they are in the Glaser Case. The additional specification that the form of the oath as administered was not that prescribed by law is a matter of defense, and not a ground for setting aside an indictment. It may also be observed, in passing, that in the light of the common knowledge of the bench and bar the fact of the administering of the oath, and not its form, would alone be disclosed by the minutes of the testimony.

That persons were present in the grand jury room other than those allowed by law to be present, while the charge was under consideration, is not even credibly shown by the moving papers. The defendant alone avers it, and that upon the merest hearsay. He says:

"That he has been informed by persons who were examined as witnesses before the said grand jury while they were investigating the charge made against deponent on the said indictments, and while the same was under consideration, that other persons were permitted to be present during the sessions of the grand jury while the charge embraced in the indictment was under consideration, who were not permitted to be present by law."

These allegations are too indefinite to be seriously entertained as against the presumption that the proceedings of the grand jury were in all respects in conformity to law. It may also be said that the defendant does not sufficiently dignify his assertions by naming his informants, nor does he state any reason why he does not present the affidavits of his informants in support thereof.

The defendant fails to present any facts to the court which afford a legal reason why he should have access to the grand jury minutes. Something more than general allegations of the insufficiency of the testimony and of irregularity of procedure before the grand jury is required to warrant giving the defendant full access to the people's case before trial in a criminal action. If a motion for leave to inspect the minutes of the grand jury is to be invariably granted because the defendant asserts that the evidence was insufficient to warrant the finding of the indictment, or that there was no preliminary examination before a magistrate, the seclusion of the testimony is an idle precaution, and there remains no good reason why the prosecuting officer may not afford the general public access thereto.

While it may be that it is desirable that such a change be brought about, particularly in the interests of persons charged with offenses against the criminal law, I am disposed to regard it unwarranted by settled practice and detrimental to the public interests. If such is to be the procedure, it should be established by the lawmaking branch of the state, and not by the courts under the guise of judicial determination.

Motion denied.