Dowling, J.
The defendant, forty-nine years of age, was indicted in the Supreme Court, Ontario County on February 13,1946, upon the charge of rape in the second degree committed upon the person of a fourteen-year-old girl, not then, but now his wife. On that date the indictment was transferred to the County Court of Ontario County for trial and disposition. On February 15, 1946, the defendant was arraigned before the County Court and entered a plea of not guilty.
*346 On March 8,1946, the defendant procured an order from the Ontario County Judge directing the District Attorney of Ontario County, Thomas Croucher, to show cause before the Ontario County Court on March 9, 1946, why an order should not be made dismissing the indictment on the ground that an unauthorized person was permitted to be present during a session of the grand jury while the charge embraced in the indictment was under consideration and why the defendant should not be granted an inspection of the grand jury minutes for the purpose of the motion. The District Attorney appeared and showed cause why the order should not be granted. From the papers used on the motion, it appeared that the complainant was subpoenaed before the grand jury; that, in obedience to the subpoena, she presented herself to the District Attorney accompanied by her father and her sister Hilma Harris, aged twenty-two; that, in view of the nervous condition of the complainant, the father asked the District Attorney if his daughter Hilma Harris, might accompany the complainant before the grand jury; that the District Attorney conferred with the grand jury and that body authorized him to bring both the complainant and her sister before them at the same time; that both of them appeared together before the grand jury and each was separately sworn; that the complainant testified to the assault upon her by the defendant without any assistance from her sister and that Hilma Harris gave no material evidence relative to the charge "under investigation or advice of any kind to the grand jury nor did she "attempt to influence that body in any respect; that the County Judge inspected the grand jury minutes on his own motion; that the defendant made no claim that the appearance of Hilma Harris before the grand jury had violated or prejudiced any of his rights. The County Judge denied the application on the merits and ordered the case to trial
The case came to trial and on March 12,1946, the jury returned a verdict of guilty of rape in the second degree. On March 13, 1946, the defendant was sentenced to a term of not less than two nor more than four years in the State Prison at Attica. The defendant procured a certificate of reasonable doubt from a Supreme Court justice and was released on bail in the amount of $2,000. From the judgment of conviction and from the order denying his motion to set aside the verdict and for a new trial the defendant has appealed and he has given notice that he will bring up for review on the appeal the order denying his motion made before trial to dismiss the indictment.
*347 Upon the oral argument of this cause counsel for the defendant informed the court that he was raising only one question, namely, that .an unauthorized person was permitted to he present in the grand jury room during the session of the grand jury while the charge embraced in the indictment was under consideration. We will confine our discussion to this question.
The motion to dismiss the indictment was made under section 313 of the Code of Criminal Procedure, which, so far as relevant to the question before us, provides: “ § 313. Indictment, ivhen set aside on motion. The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other; * * * 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four.” (Amd. by L. 1897, ch. 427.)
It is not claimed by the People that the presence of the complainant’s sister Hilma Harris in the grand jury room while the complainant was testifying was authorized by the provisions of sections 262-264, inclusive, of the Code of Criminal Procedure. It is not claimed by the defendant that Hilma Harris by act, deed or word influenced or sought to influence the complainant in respect to the testimony which she gave before the grand jury or that she sought in any manner to influence the grand jury adversely to the defendant or to his fights. We have inspected, with the consent of the People and the defendant, the grand jury minutes so far as the testimony of the complainant and Hilma Harris is concerned. The record so inspected shows nothing adverse to or in violation of the legal rights of the defendant. Nor does the record show that Hilma Harris was present when the grand jury was discussing and weighing the evidence and voting the indictment in question and no claim is made by the d'efendant that she was so present. Interpreting subdivision 2 of section 313 quite broadly, Hilma Harris was present “ while the charge embraced in the indictment was under consideration ”. (People v. Tru-Sport Publishing Co., Inc., 160 Misc. 628, 636.) At most there was here only an extremely technical violation of section 313. The words “ The indictment must be set aside ” as used in section 313 are ■ not to be construed as mandatory under the facts of this case. (See People ex rel. Lawton v. Snell, 216 N. Y. 527, 533, and cases cited.) It is not unusual in this State for grand juries, in their discretion, to permit physicians, relatives, officers of the law and *348 prison guards to accompany witnesses before the grand jury in cases where witnesses are ill, frightened or highly nervous and in cases where desperate or condemned criminals have been brought from prison to testify before grand juries. Such permitted persons are regarded as automatons where they take no active part in the proceedings. (Joyce on Indictments [2d ed.], § 146; State v. Bacon, 77 Miss. 366, 369.) A grand jury necessarily must have some discretion in such instances otherwise the public interest might be seriously affected.
In some jurisdictions it is the rule that two witnesses may not be present at the same time before a grand jury in session. Our attention is not called to any such rule in this State and our research has disclosed none. The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v. Sweeney, 213 N. Y. 37, 44; People v. Glen, 173 N. Y. 395, 403.) A departure from the mode prescribed by the Code of Criminal Procedure does not render an indictment invalid unless it has actually prejudiced the defendant or tends to his prejudice, in respect to a substantial right. A grand jury determines the facts and the law of each case. (People v. Dimick, 107 N. Y. 13, 34-35; Code Crim. Pro., § 684.) A grand jury is presumed to have acted in accordance with the law and its proceedings are presumed to have been regular. (People v. Glasser, 60 Misc. 410, 413.) We think the grand jury had the power to permit Hilma Harris to be present in the grand jury room with the complainant while the complainant was giving her testimony but not otherwise. (People v. Sexton, 187 N. Y. 495, 513-514.)
In State of Iowa v. Wood (112 Iowa 484) under a statute similar to our own, it was held that, where a father and daughter were both witnesses before the grand jury on the investigation of a charge (perjury) against the defendant, the fact that the daughter, who was very nervous, was accompanied by her father during her examination only by the grand jury constituted no ground for setting aside the indictment. To the same effect is Tinker v. State (95 Tex. Cr. Rep. 143) new trial granted on another ground; Mason v. State (81 S. W. 718, 719 [Tex.]) and Middleton v. State (16 Okla. Cr. 320), remitted for a new trial on another ground.
The evidence sustains the verdict of guilty beyond any doubt whatever. An indictment should not be quashed except it is clear that the accused’s rights have been prejudiced. The motion papers negative any suggestion of prejudice in this case. The presence of the complainant’s sister in the grand jury room *349 while she was testifying did not subject the defendant to a public trial without his presence or break the seal of secrecy imposed upon the grand jury.
The judgment of conviction should be affirmed.