MAXWELL, J.,
for the Court:
¶ 1. Mississippi does not allow criminal defendants to use pretrial pleadings to test the sufficiency of the evidence supporting an indictment. Yet here the trial court granted a defendant’s pretrial challenge to the evidence supporting the embezzlement count of a three-count indictment, dismissing the charge with prejudice. Because our supreme court has emphasized the proper time to challenge the sufficiency of the evidence is during trial after the State has presented its case, and not at a pretrial hearing, we have no alternative but to reverse the dismissal of the embezzlement count and remand the case for trial on all counts.
Background
¶ 2. A grand jury indicted former Columbia, Mississippi police chief Joe Van Parkman on one count of embezzlement and two counts of making false statements with intent to defraud. The embezzlement count charged that Parkman had “attempted to defraud the City by purchasing a Springfield HD .45 caliber handgun ... using city funds contrary to and in violation of [sjection 97-11-29 of the Mississippi Code [Annotated.]”
¶ 3. Parkman moved to dismiss the embezzlement count, challenging the sufficiency of the evidence supporting it. He argued it was “impossible ... to have embezzled from the City of Columbia when the City ... acknowledges that [Parkman] has paid in full $500.00 for the gun and since Joe Van Parkman has been transferred [sic] ownership of the gun in question after payment in full was received by the City.” Parkman attached exhibits to his motion, including minutes of a Board of Aldermen’s meeting, a purchase order, a written agreement by Parkman with the City to repay the purchase price, and a bill of sale for the pistol.
¶ 4. At the motion hearing, Parkman argued facts asserted in the motion and contained in or implied by these exhibits. He claimed that because he eventually paid for the pistol, the State could not show a crime had been committed. In response, the State insisted the fact Parkman later paid for the pistol — possibly upon learning of the investigation — was immaterial. As the State suggested, Parkman’s subsequent actions did not negate the chargeable embezzlement, which allegedly had already occurred.
¶ 5. The trial court dismissed the embezzlement count with prejudice. The State appealed.
Discussion

A. No Summary Judgment in Criminal Proceedings

¶ 6. Based on the historical role of the grand jury as an independent accusatory body, courts have shown great reluctance to allow pretrial challenges to evi-dentiary support for an indictment. “An indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.” Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).
¶ 7. Parkman did not contend count three failed to charge a cognizable embezzlement. Instead, he challenged the sufficiency of the State’s evidence supporting the embezzlement count. But the appropriate time to test the sufficiency of evidence for an indictment, or any count in *381 an indictment, is during trial on the merits after the State has presented its case— not before trial. State v. Peoples, 481 So.2d 1069, 1070 (Miss.1986) (citing State v. Grady, 281 So.2d 678, 681-82 (Miss.1973)). Unlike civil proceedings, there is no summary-judgment procedure in criminal cases. Id. And the United States Supreme Court has cautioned that the establishment of a pretrial mechanism to review evidentiary challenges to “facially valid indictments ... ‘would run counter to the whole history of the grand jury institution, and neither justice nor the concept of a fan* trial requires it.’ ” United States v. Williams, 504 U.S. 86, 54-55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (quoting Costello, 350 U.S. at 364, 76 S.Ct. 406). The Mississippi Supreme Court has similarly recognized that to allow such a procedure would monumentally alter our criminal justice system. Peoples, 481 So.2d at 1070.
¶ 8. Of course, our trial judges may entertain a variety of other pretrial challenges to indictments — including failure to charge an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and prejudicial prosecutorial misconduct, among others. But our precedent is clear that a trial judge has no discretion to dismiss an indictment, nor any of its counts, prior to trial, where a defendant’s sole claim is a lack of eviden-tiary support. Id.; Grady, 281 So.2d at 680. While the trial judge was obviously quite skeptical of the evidence supporting the embezzlement count, we find he could not properly dismiss it before trial.

B. The State’s Authority to Appeal

¶ 9. Though the trial court’s dismissal was improper, our ultimate disposition hinges on which statutory avenue, if any, provides a basis for the State’s appeal. In criminal cases, the State “is allowed to take an appeal only to the extent that a statute confers the right.” State v. Insley, 606 So.2d 600, 602 (Miss.1992) (citations omitted). Mississippi Code Annotated section 99-35-103 (Rev.2007) grants the State an appeal in three circumstances, but only two merit discussion here.[1]
¶ 10. Under the first, the State may appeal “[fjrom a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime[.]” Miss.Code Ann. § 99-35-103(a). An appeal under this section does “not bar or preclude another prosecution of the defendant for the same offense.” Id. So if section 99-35-103(a) applies and reversal is appropriate, remand is proper.
¶ 11. The second relevant provision, section 99-35-103(b), authorizes the State to appeal “[fjrom a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality^]” But in contrast to section 99-35-103(a), an appeal under section 99-35-103(b) “shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed^]” Instead, the appellate court is limited to “decid[ing] the question of law presented.”
¶ 12. Since we face an improper dismissal based on a pretrial pleading testing the evidence supporting count three— and not an actual acquittal at trial — we find section 99-35-103(a) provides the proper avenue for this appeal. No matter the label, our supreme court has emphati *382 cally held “[n]either a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of evidence.” Peoples, 481 So.2d at 1070 (citing Grady, 281 So.2d at 680). That Parkman titled his pretrial pleading “motion to dismiss” rather than “motion to quash” does not preclude appellate review or limit it to pointing out the trial judge’s error. In State v. Delaney, 52 So.3d 348, 351 (¶ 12) (Miss.2011), our supreme court recently reversed the improper pretrial “dismissal” of an indictment with prejudice and remanded the case. Like Parkman’s case, the trial judge in Delaney had improperly granted a defendant’s pretrial “motion to dismiss” his indictment. Impliedly traveling under section 99-35-103(a) — the only appellate avenue that contemplates reversal and reinstatement of criminal charges — a unanimous supreme court reversed the dismissal with prejudice, reinstated the indictment, and remanded the case for trial. Id. We find a similar result is required here.
¶ 13. The other mentioned provision, section 99-35-103(b), which restricts further prosecution, is apparently premised on jeopardy concerns. The supreme court has noted this avenue applies only when a case has proceeded to trial, and the State appeals “a judgment actually acquitting a defendant.” State v. McDowell, 72 Miss. 138, 139, 17 So. 213, 213 (1894) (quoting Miss.Code § 39(2) (1892)) (emphasis added).[2]
¶ 14. We find this particular section also governs appellate review when a judge sustains a defendant’s request for a directed verdict and grants a judgment of acquittal during trial at the close of the State’s case. But unlike an acquittal at trial or judgment of acquittal granted after the State rests, an appeal from a pretrial dismissal of an indictment does not offend double-jeopardy principals. See United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (Jeopardy does not attach until “the defendant is put to trial before the trier of the facts[.]”). Because neither side sought a bench trial nor stipulated to the facts, there was no risk that the trial judge would decide Parkman’s guilt at the hearing. “Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.” Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).
¶ 15. Should we hold otherwise and find section 99-35-103(b) applied, we would essentially extend jeopardy-like protection to an improper pretrial dismissal based on a procedure unknown to our criminal practice. We instead follow the supreme court’s lead in Delaney and reverse the trial court’s dismissal with prejudice, reinstate the embezzlement count, and remand the case for trial.
¶ 16. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, RUSSELL AND FAIR, JJ., CONCUR. ISHEE AND CARLTON, JJ., NOT PARTICIPATING.

. Section 99-35-103(c) is irrelevant to this case. It permits a third avenue of appeal ‘'[fjrom a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal[.]” In such an appeal, "the case shall be treated as if a cross[-]appeal had been formally presented by the state. All questions of law thus presented shall be decided by the Supreme Court.” Id.

. In McDowell, the supreme court determined a "judgment actually acquitting defendant” for purposes of State’s right to appeal under paragraph 2, section 39, Code of 1892 — the virtually identical predecessor to section 99-35-103(b) — means acquittal after a trial on the merits. Id.