# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00155-COA

**STATE OF MISSISSIPPI**                                                                                 **APPELLANT**

**v.**

**BRANDON RAWLINGS A/K/A BRANDON LANE**                                    **APPELLEE**
**RAWLINGS A/K/A BRANDON L. RAWLINGS**

DATE OF JUDGMENT:                01/20/2015
TRIAL JUDGE:                          HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:    PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       OFFICE OF THE ATTORNEY GENERAL
                                      BY: PATRICK JOSEPH MCNAMARA JR.
                                         JASON L. DAVIS
ATTORNEYS FOR APPELLEE:         ROBERT B. MCDUFF
                                      SIBYL BYRD
                                      JACOB WAYNE HOWARD
DISTRICT ATTORNEY:                HALDON J. KITTRELL
NATURE OF THE CASE:               CRIMINAL - FELONY
TRIAL COURT DISPOSITION:         GRANTED MOTION FOR JUDGMENT
                                      NOTWITHSTANDING THE VERDICT
DISPOSITION:                        AFFIRMED - 07/19/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     This is an appeal from a circuit court's grant of a judgment notwithstanding the

verdict (JNOV) after a jury returned a guilty verdict for a felony charge of fondling a

vulnerable person.

¶2.     Brandon Rawlings was charged with sexual battery and fondling a vulnerable person.

A jury found him not guilty of sexual battery and guilty of fondling a vulnerable person. He

moved for a JNOV or, in the alternative, a new trial. The court initially denied his JNOV motion and granted his motion for a new trial citing a lack of evidence to serve as the basis of a conviction. Sometime after, Rawlings made a motion to dismiss the remaining charge. The court then reconsidered and granted Rawlings's motion for a JNOV. The State appeals the grant of a JNOV arguing that the State has the right to appeal and that the circuit court's grant of a JNOV was improper. We affirm the circuit court's decision.

### FACTS AND PROCEEDINGS BELOW

¶3.     In 2010, Rawlings was a caregiver at a nursing-home facility in south Mississippi. One of the residents Rawlings assisted was J.P.[1] Rawlings had previously reported that J.P. had been sexually inappropriate with him during the course of Rawlings's care of J.P. leading up to June 2010. On June 13, 2010, an incident occurred in which J.P.'s genitalia were touched by Rawlings's mouth. On July 18, 2010, another incident occurred in which Rawlings's hand made contact with J.P.'s genitalia. On June 17, 2011, after an investigation by the state Attorney General's Office, Rawlings was indicted and charged with sexual battery and fondling a vulnerable person. After a jury trial, he was found not guilty of sexual battery, but was found guilty of fondling a vulnerable person. Subsequently, Rawlings filed a motion for a JNOV or, in the alternative, a new trial. The trial court denied the motion for a JNOV and granted the alternative motion for a new trial. The trial judge stated that a new

---

[1] The Court of Appeals declines to identify alleged sexual-assault victims. In the interest of the alleged victim's privacy, the alleged victim's name, as well as the names of family members, have been substituted with initials.

trial was necessary because "the evidence at the prior trial did not add up to the basis for a conviction on [that] charge."

¶4.     At trial, the State had produced, as evidence of intent, a statement from Rawlings acknowledging that physical contact was made with J.P.'s genitalia. The voluntariness of the statement was called into doubt during the trial. The State also produced testimony from an aide at the facility that one day when J.P.'s bedroom and bathroom doors were closed, she opened the bathroom door and discovered a naked J.P. sitting on the toilet with Rawlings on his knees on the floor in front of him. She stated that when she asked Rawlings what he was doing, "he said, well, he's helping J.P., that J.P. had slipped or he thought J.P. was going to slip or something." A written statement of the aide was also submitted as evidence. In it, she stated that there was a towel around J.P.'s shoulders, that Rawlings was on one knee wiping the floor, and that "[Rawlings] said J.P. slipped while getting out of the shower." She further testified that she "did not see a sexual act."

¶5.     After a new trial was granted but before it had commenced, Rawlings filed a "Motion to Dismiss the Remaining Charge." Shortly after, the trial court issued an order dismissing the remaining charge, reconsidering Rawlings's previous motion for a JNOV, and granting that motion. In explaining its grant of a JNOV, the trial court reiterated that the evidence at the prior trial "did not add up to the basis for a conviction on [that] charge." The court added that "the State has not disclosed any additional information by which it can prove [an]

3

essential element beyond a reasonable doubt."[2] The State appealed the trial court's grant of a JNOV to this Court.

## DISCUSSION

¶6.    The State argues that it is authorized by statute to appeal, that the trial court erred in granting Rawlings's renewed motion for a JNOV, and that this Court should reinstate Rawlings's conviction and sentence. The Court applies a de novo standard of review to questions of law. *Rowland v. State*, 98 So. 3d 1032, 1037 (¶9) (Miss. 2012).

### I.    Appealability

¶7.    Mississippi Code Annotated section 99-35-103(b) (Rev. 2015) states that the State may appeal a criminal circuit-court judgment that actually acquits the defendant where a question of law has been decided adversely to the State. However, the appeal shall not subject the defendant to further prosecution, nor shall the acquittal be reversed. *Id*. The State is correct that it can appeal the trial court's decision; however, it is clear from the plain language of section 99-35-103 that it can only do so for the Court to decide a question of law. The trial judge reconsidered Rawlings's motion for a JNOV acquitting him and granted the motion on the ground that the proof did not support the basis for a conviction. *State v. Insley*, 606 So. 2d 600, 602-04 (Miss. 1992) (finding section 99-35-103 does not authorize the State to appeal from a judgment discharging a defendant on the ground that the proof was

---

[2] The element referenced by the court is found in Mississippi Code Annotated section 43-47-18(2)(b) (Rev. 2015), which states that the touching must be "for the purpose of gratifying the person's lust, or indulging the person's depraved licentious sexual desires."

insufficient to sustain a conviction). Here, there was a judgment "actually acquitting" Rawlings due to insufficient evidence. Thus, the State may appeal any question of law decided adversely against it at trial, but Rawlings cannot face further prosecution on the matter, and his acquittal will not be reconsidered.

## II.    JNOV

¶8.    The State argues that the circuit court erred in its grant of a JNOV because it was without jurisdiction or authority to reconsider its denial of a JNOV and also because its actions amounted to an impermissible pretrial summary judgment. We disagree.

### A.    Jurisdiction

¶9.    To support its assertion that the circuit court was without jurisdiction or authority to reconsider its initial denial of Rawlings's JNOV motion, the State relies on two cases, both of which are distinguishable. The state cites *Griffin v. State* as authority for the notion that the trial court cannot reconsider a JNOV motion after denying it. *Griffin v. State*, 565 So. 2d 545, 550 (Miss. 1990). However, in *Griffin*, the trial court had granted motions for a new trial on two of three convictions, and attempted to reconsider the grant of a new trial, thus reinstating the convictions, some three years after the court had granted the original motions for a new trial and while the appeal of the remaining conviction was pending in the Mississippi Supreme Court. Our situation is much different. Unlike *Griffin*, the judge herein reconsidered his posttrial ruling before a final judgment had been entered, and before any appeal had been taken. Here, the trial court had retained jurisdiction by ordering a new trial.

¶10. The State also cites *Edwards v. Roberts* to support its argument that the trial court is without authority to reconsider the denial of a JNOV motion. *Edwards v. Roberts*, 771 So. 2d 378 (Miss. Ct. App. 2000). In *Edwards*, the trial judge was acting on his own initiative in a civil matter and not on a motion filed by a party. *Id*. at 384 (¶20). Further, the trial judge in *Edwards* denied a motion for both a JNOV *and* a new trial. Here, the trial judge had denied a JNOV but granted a new trial causing the case to remain with the trial court, and only reconsidered the denial of Rawlings's JNOV motion after Rawlings had filed a motion to dismiss.

### B.     Pretrial Summary Judgment

¶11. The State asserts that the trial court's actions amount to a pretrial summary judgment and are, thus, impermissible, relying heavily on *State v. Parkman*, 106 So. 3d 378, 380 (¶1) (Miss. Ct. App. 2012). In *Parkman*, the defense made a pretrial motion to dismiss the indictment based on a lack of sufficient evidence, and the trial court granted the motion. *Id*. This Court held that such a pretrial motion could not be granted based on sufficiency of the evidence and that a trial judge has no discretion to dismiss an indictment, or any of its counts, prior to trial when the sole claim is insufficient evidence. *Id*. at 381 (¶8). We do not find that *Parkman* applies.

¶12. In *Parkman*, there had been no trial. Here, there was a trial on the merits, and the trial judge's grant of a JNOV based on the lack of sufficient evidence was not until after the jury had rendered its verdict. This Court went on to state that it is indeed appropriate to consider

6

a motion to dismiss for insufficiency of evidence at such time as the circuit court did in this instance. *Id*. at 380-81 (¶7) (holding the appropriate time to consider sufficiency of the evidence is after the State has presented its case). We believe this is another critical distinction between the caselaw cited by the State and the case before us. We find the trial court did have authority to reconsider the JNOV and acquit Rawlings because a trial did, in fact, take place. We, therefore, find that the circuit court did have authority to reconsider the JNOV and that the State's arguments are without merit.

¶13. Given our review of the particular facts surrounding this case, we decline to say the trial judge was improper in acquitting Rawlings. Also, to the extent the State challenges the acquittal itself, it cannot. *See* Miss. Code Ann. § 99-35-103(b); *Insley*, 606 So. 2d at 602-04.

## CONCLUSION

¶14. We find that the circuit court's grant of a JNOV was proper, and therefore we affirm the circuit court's decision.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., NOT PARTICIPATING.**