STATE OF MISSISSIPPI v. OSCAR PEEK.

[48 South. 819.]

CRIMINAL LAW AND PROCEDURE. *Manslaughter. Unnamed infant. Indictment. Demurrer. Motion to quash. Sufficiency of evidence.*

An indictment charging the killing of "an unnamed infant," the child of designated parents, is good, and the sufficiency of evidence to support it cannot be raised by demurrer or motion to quash.

FROM the circuit court of Neshoba county.

HON. JAMES R. BYRD, Judge.

Peek, the appellee, was indicted for manslaughter, and demurred to the indictment. The demurrer was confessed by the state and the indictment amended; thereupon appellee moved to quash the indictment, his motion was sustained, and the state appealed to the supreme court.

The indictment, after the formal requisites, charged that the appellee, on a designated date, did "unlawfully and feloniously kill and slay an infant, the child of J. R. Brantley and Mrs.

Tressie Brantley, a human being, against the peace and dignity of the state of Mississippi." The demurrer was predicated of the failure to name the party charged to have been killed or that the name of such party was unknown to the grand jury. After confessing the demurrer, the state, by leave of court, amended the indictment by inserting herein the word "unnamed" before the word "infant," so that the amended indictment read "did unlawfully and feloniously kill and slay an "unnamed infant," etc. Appellee's motion to quash the amended indictment, was based on the idea that it did "not sufficiently inform defendant of the accusation against him," and the motion assigned "that the state claims that he, the said Peek, while attempting to deliver an unborn child did inflict some sort of wound upon said child with some sort of instrument which produced its death after its birth. If the state relies on such state of facts, then the allegations in the amended indictment are wholly insufficient in law, and the state, in such case, should make the allegations in the indictment in such manner as to apprise the defendant of the exact nature of the accusation against him." The state, in answer to the motion, presented a bill of particulars showing that conviction would be sought upon facts practically the same as stated in appellee's motion. The court, treating the bill of particulars as a part of the charge, sustained the motion and quashed the indictment.

*George Butler,* assistant attorney-general, for appellant.

The indictment as drawn was sufficient in law after verdict, and the defect in not naming the deceased was curable by amendment. *Wilkinson v. State,* 77 Miss. 705.

But, in my view, the question as to the sufficiency of the indictment could not be raised by a motion to quash. It could be done only in the manner pointed out by the statute, Code 1906, § 1426. But even if we consider the question of the sufficiency of the indictment as properly raised, the result must be the same. The proceeding was manifestly under Code 1906, § 1244;

and it is indisputable that at common law, independently of statute, any one who produces the death of another person by culpable negligence is guilty, at the least, of the crime of manslaughter. Wharton on Homicide, 679. *Newcomb v. State,* 37 Miss. 383.

If it be contended that the statement filed by the district attorney is a bill of particulars, and it and the indictment jointly constitute the charge, the result must yet be the same. In the first place, a bill of particulars is foreign to our practice, especially when it is shown by the defendant's motion that defendant has from the beginning of the trial had full knowledge of the facts relied on by the state to sustain conviction of the charge. *Starling v. State,* 90 Miss. 255 ; *Richburger v. State,* 90 Miss. 806.

The case of *Prude v. State,* 76 Miss. 543, 24 South. 871, is not in point.

*Byrd, Wilson & Richardson,* for appellee.

It was not error in the court below to quash the indictment, since the indictment did not sufficiently inform appellee of the nature of the charge against him.

We call the attention of the court to 3 Wharton on Homicide, 885, which states that "Causing death by acts calculated to produce an abortion is a statutory offense in some states, originating in the statute defining it, which does not come within any of the descriptions of manslaughter or murder at common law. Under statutes of this class, nothing short of an allegation conforming to the statute is adequate to inform the accused of the offense with which he is charged. And all the averments relating to the subordinate criminal act are properly and necessarily inserted in the indictment or information as descriptive of the major offense. And an indictment in such case which simply charges a felonious and wilful killing contrary to the statute, is insufficient where it does not also set out the means or the manner of causing the death, or refer specifically to the statute."

Considering the motion to quash and the answer of the state filed as a bill of particulars in the case, a condition of facts is revealed which we contend should be specifically set out in the indictment in order that the accused may be fully informed as to the evidence that may likely be introduced by the state in order that he may prepare his defense. The indictment as drawn wholly fails to put him upon notice as to the character of the testimony that will be offered against him.

MAYES, J., delivered the opinion of the court.

We think the court erred in quashing the indictment in this case. The indictment in all respects informs the defendant of the nature of the charge against him as specifically and definitely as language could make it. The indictment charges that the defendant "did unlawfully and feloniously kill and slay an unnamed infant, the child of J. R. Brantley and Mrs. Tressie Brantley," etc. This charge is the same as if the indictment had alleged the killing of the infant child of J. R. Brantley and Mrs. Tressie Brantley, whose name was unknown to the grand jurors. The demurrer to the indictment should have been overruled, and the motion to quash the indictment should have been dismissed.

It would introduce a novel procedure into the criminal practice if the method adopted in the motion to quash could be approved. In an indictment of this kind is it not required that the evidence on which the state relies to prove the crime shall be set out in the indictment, and this is what the motion to quash asks to be done, and assigns as the reason why the indictment should be quashed. It was only necessary for the indictment to charge facts constituting the crime, and this the indictment did. When the state offers its evidence to prove the crime, if it fail to make out a case, then the prosecution should be dismissed but that is beyond the question presented here by either the demurrer or the motion to quash.

The case of *State v. Prude*, 76 Miss. 543, 24 South. 871, has no application to the question here, at present, whatever the

facts may show on the trial. The indictment in the *Prude case, supra,* was for the slaying of an unborn quick child, and the court held the indictment bad on demurrer; but the indictment in this case charges the killing of an infant, without any hint in indictment that the infant was unborn.

We think the court erred in holding the indictment bad. Cause reversed, and prisoner held to await trial under this indictment.

*Reversed.*