281 So.2d 678 (1973)
STATE of Mississippi
v.
Paul E. GRADY.
No. 47361.
Supreme Court of Mississippi.
June 25, 1973.
Rehearing Denied September 11, 1973.
*679 Rex K. Jones, Dist. Atty., T. Jack Riley, Hattiesburg, for appellant.
Gray, Montague & Jackson, Holmes & Dukes, Simrall, Aultman & Pope, Hattiesburg, for appellee.
INZER, Justice:
This is an appeal by the State of Mississippi from a judgment of the Circuit Court of Forrest County sustaining a demurrer and a motion to quash an indictment against appellee Paul E. Grady charging him with the crime of embezzlement. We reverse and remand.
Appellee was indicted at the November 1972 term of the Circuit Court of Forrest County for embezzling public funds. Omitting the formal parts, the indictment reads as follows:
[T]hat Paul E. Grady on the 18th day of May 1970, in Forrest County aforesaid: did willfully, unlawfully and feloniously embezzle and convert to his own use the sum of $320.74, the property of the City of Hattiesburg, Mississippi, a municipal corporation, while he, the said Paul E. Grady, was acting in his official capacity of Mayor of said City, by willfully, unlawfully and feloniously making a false entry and claim for reimbursement for the expense of his hotel bill at the Washington Hilton, Washington, D.C., while attending the National Chamber of Commerce meeting in Washington, D.C., in the sum of $320.74, and obtained city warrants in payment of said hotel bill, knowing at the time that he accepted payment for said hotel bill, that said sum of money for said hotel bill was not owing to Paul E. Grady, the same having been charged by the said Paul E. Grady to American Express Credit Card No. 502, Account No. 029 156 394 8, issued to L & A Contracting Co., a corporation and that the said hotel bill was paid by the said L & A Contracting Co., a corporation doing business with the City of Hattiesburg, and that by wilful making of said false entry and claim for reimbursement and accepting reimbursement for said hotel bill, knowing that the same was not due to him, the said Paul E. Grady did willfully, unlawfully and feloniously defraud and cheat the City of Hattiesburg, a municipal corporation and embezzle public funds in the amount of $320.74 belonging to said City, in violation of Section 2123 of the Mississippi Code of 1942 Annotated.
To this indictment appellee interposed a demurrer which alleged that the indictment charged no crime. The motion to quash the indictment charged that the state knew from the evidence in its possession that such evidence was not sufficient to support the indictment. The motion to quash does not allege that the Grand Jury did not have the power to return the indictment or that it was illegal.
On the hearing of the motion to quash, the state and appellee stipulated certain facts relative to the evidence to support the indictment; however, in view of the conclusion we have reached, it is not necessary for the purpose of this opinion to detail this stipulation.
The state first contends that the trial court was in error in sustaining the demurrer to the indictment. With this contention we agree. In considering the demurrer we cannot consider the stipulation of fact, but must determine whether the indictment on its face charges a crime. The indictment charges a violation of Section 2123, Mississippi Code 1942 Annotated (1956), which reads as follows:
If any officer, or other person employed in any public office, shall commit *680 any fraud or embezzlement therein, he shall be imprisoned in the penitentiary not more than ten (10) years, or in the county jail not more than one (1) year, or be fined.
We pointed out in Autry v. State, 230 Miss. 421, 92 So.2d 856 (1957), that this section does not undertake to specify in detail the factual situation necessary to constitute the crime of embezzlement. The state asserts that the indictment here is in conformity with the indictment in Autry. The indictment in Autry charged that Autry did knowingly, fraudulently and feloniously embezzle and convert to his own use $630, the property of Benton County while acting in his official capacity as County Superintendent of Education by fraudulently issuing a warrant, knowing at the time no money was owing to the payee of the school warrant, and by the issuance of said school warrant did defraud and cheat Benton County and embezzle the school money of said county. In the case before us the indictment in essence charges that Grady did willfully, unlawfully and feloniously embezzle and convert to his own use $320.74, the property of the City of Hattiesburg, while acting in his official capacity as mayor, and by means of a false entry and claim cause to be paid to him the $320.74 knowing at the time that the same was not due him and did thereby willfully, unlawfully, and feloniously defraud and cheat the City of Hattiesburg and did embezzle $320.74 belonging to the City in violation of Section 2123, Mississippi Code 1942 Annotated (1956). The gravamen of the charge is not so much the means, but the appropriation of the money knowing at the time that it was not due him. As to the means charged in the indictment, while not in exact words, we think the indictment is sufficient to charge that Grady's hotel bill was paid by a third party, consequently, this was not out of pocket expense to which he was entitled to reimbursement by the city, and that by making a claim for reimbursement and accepting the money knowing it was not due him, he did cheat and defraud the city of public funds. The state is not required to negative any defense that the accused may have to the charge made in the indictment. The indictment on its face charges a crime and the trial court was in error in sustaining the demurrer.
We are likewise of the opinion that the trial court was in error in sustaining the motion to quash the indictment. As heretofore pointed out the motion to quash does not question the legality of the indictment or the power of the grand jury to return the indictment, but seeks to test the sufficiency of the evidence to support the indictment. While the state in its brief contends that the stipulation of facts is sufficient evidence to support the indictment, and does not contend that a motion to quash cannot be employed to test the sufficiency of the indictment, we must in order to preserve orderly procedure in our courts raise this question on our own motion. If this procedure can be used, it would result in a pretrial hearing in practically every case to determine whether the state has sufficient evidence to support the indictment. This could only result in confusion and delay in the trial of a criminal case. The function of a motion to quash is to test the legality of an indictment for some defect not appearing on the face of the indictment. Section 2450, Mississippi Code 1942 Annotated (1956).
It is well settled in this state that neither a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of the evidence to support the indictment. In State v. Peek, 95 Miss. 240, 48 So. 819 (1909), the defendant filed a demurrer and a motion to quash an indictment for manslaughter. The state in answer to the motion to quash filed a bill of particulars showing that the conviction would be sought on practically the same facts as set up in the defendant's motion to quash. The trial court considered the facts set up in the bill of particulars as a part of the charge and sustained the motion to quash.
*681 On appeal, this Court held that the demurrer to the indictment and motion to quash should have been overruled. In regard to the motion to quash the Court said:
It would introduce a novel procedure into the criminal practice if the method adopted in the motion to quash could be approved. In no indictment of this kind it is not required that the evidence on which the state relies to prove the crime shall be set out in the indictment, and this is what the motion to quash asks to be done, and assigns as the reason why the indictment should be quashed. It was only necessary for the indictment to charge facts constituting the crime, and this the indictment did. When the state offers its evidence to prove the crime, if it failed to make out a case, then the prosecution should be dismissed; but that is beyond the question presented here by either the demurrer or the motion to quash. (95 Miss. at 243, 48 So. at 819).
In Blowe v. State, 130 Miss. 112, 93 So. 577 (1922), it was pointed out that the rule in this state is that no inquiry can be made into the evidence on which the grand jury acted in finding the indictment, and the trial court properly refused to consider evidence on a motion to quash the indictment on the ground that no witness appeared before the grand jury on the date the indictment was filed. To the same effect is Price v. State 152 Miss. 625, 120 So. 751 (1929).
The case of State v. Bates, 187 Miss. 172, 192 So. 832 (1940), involved a question of the power of the grand jury to indict a person who was required to produce incriminating documentary evidence before the grand jury. The trial court sustained a motion to quash the indictment based upon the self-incriminating evidence rule. This Court in affirming the action of the trial court held that the motion to quash was an appropriate remedy saying among other things:
The question here involved goes to the power of the grand jury to return an indictment in cases where the evidence is so obtained, and it is not a question of sufficiency, or competency or irrelevancy, of evidence before the grand jury, considered as such. The section prohibits the grand jury, after obtaining such evidence, from instituting a prosecution in connection with the matter concerning the witnesses or the documents produced before it. It is the legality of the indictment which is involved, and not the competency or sufficiency of the evidence before the grand jury; which, of course, is not required to be learned in the law, or to conduct its proceedings strictly in accordance with the rules of evidence or to be governed by strict rules of procedure; as is required in trials in court; and the court will not examine the proceedings of the grand jury merely to see whether they acted on competent evidence, or whether it was legal; or in regard to the relevancy or legality of the testimony given before them. But the legality of their action presents a different question. If they had no legal power to return the indictment, then the court, on proper proceedings, may inquire into the matter and afford to the party affected the necessary remedy to protect him against illegal action. It is a question of the power of the grand jury under the statute, and not of the means by which the evidence was obtained. (Emphasis added) (187 Miss. at 179, 192 So. at 834, 835).
It is clear from the holding in these cases that the trial court should have overruled the motion to quash since its only basis was to test the sufficiency of the evidence to support the indictment. The proper time to test the sufficiency of the evidence to support any indictment is when the case is tried on its merits. Then if the evidence on behalf of the state is insufficient to support the charge made in the indictment, on proper motion, the trial court should so hold and direct the jury to *682 find the accused not guilty, otherwise, the case should be submitted to the jury to determine the guilt or innocence of the accused.
For the reasons stated, the judgment of the trial court is reversed and this case is remanded for further proceedings.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SUGG and BROOM, JJ., concur.
ROBERTSON, J., and GILLESPIE, C.J., and SMITH and WALKER, JJ., dissent.
ROBERTSON, Justice (dissenting):
I respectfully dissent. I do not think that the indictment charges an offense under Section 2123, Mississippi Code 1942 Annotated (1956) and I think that the trial judge was correct in sustaining the demurrer to the indictment.
The gravamen of the offense of embezzlement under Section 2123 is that a public officer or public employee embezzles from his public employer.
In this case, Grady, in his official capacity as Mayor of the City of Hattiesburg, was charged with willfully, unlawfully and feloniously embezzling and converting to his own use the sum of $320.74, the property of the City of Hattiesburg, Mississippi, a municipal corporation. The indictment states that Grady charged his hotel bill at the Washington Hilton, Washington, D.C., while attending the National Chamber of Commerce meeting as Mayor of the City of Hattiesburg, "to American Express Credit Card No. 502, Account No. 029 156 394 8, issued to L & A Contracting Co., a corporation, and that the said hotel bill was paid by the said L & A Contracting Co."
The indictment nowhere charges that Mayor Grady has not reimbursed L & A Contracting Company, nor that he has not made satisfactory arrangements to pay it back. Surely Grady cannot be indicted for merely borrowing a credit card or borrowing the money to pay his hotel bill until he is reimbursed by the City of Hattiesburg for these official expenses of his office. Since the Mayor was on official business for the City of Hattiesburg, the City owed these hotel expenses to somebody. Who would the City of Hattiesburg owe this bill to other than its mayor, who incurred these expenses while on official business for the City? Is the Mayor to be condemned for not securing an advancement of expenses from the City before leaving Hattiesburg and even incurring any expenses?
Suppose Mayor Grady, as a matter of convenience or even necessity (if he did not have the available funds), borrowed his neighbor's BankAmericard and charged his hotel bill to his neighbor's BankAmericard. He would still be entitled to reimbursement from the City of Hattiesburg and with that money he could pay his indebtedness to his neighbor. It appears to me that the City of Hattiesburg will be unjustly enriched if it can thus cancel out its reimbursement of necessary expenses by charging that someone else has paid its mayor's expenses and its Mayor is guilty of embezzlement if he seeks reimbursement from the City so he can in turn reimburse L & A Contracting Co.
I think the indictment was fatally defective and the Circuit Judge eminently correct in sustaining the demurrer to it.
GILLESPIE, C.J., and SMITH and WALKER, JJ., concur in this dissent.