481 So.2d 1069 (1986)
STATE of Mississippi
v.
Candy PEOPLES.
No. 56281.
Supreme Court of Mississippi.
January 15, 1986.
Orbie S. Craft, Dist. Atty., Brandon, for appellant.
Robert W. Camp, H.A. Courtney, Jackson, Anselm J. McLaurin, McLaurin & McLaurin, Brandon, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice for the Court:
Candy Peoples was indicted in the October term, 1984 session of the grand jury of Rankin County, Mississippi. The indictment charged that on the 18th of July, 1984, Mrs. Peoples did willfully, unlawfully, feloniously and without lawful authority inveigle and kidnap John Paul Peoples, her husband, with the intent to cause him to be secretely confined or imprisoned against his will, in violation of § 97-3-53 of the Mississippi Code of 1972, as amended.
Counsel for Mrs. Peoples made an ore tenus motion to quash the indictment against her, alleging that the evidence proposed to be introduced by the state was insufficient as a matter of law to prove the crime of kidnapping. The trial court heard and decided the motion to quash based on the arguments of counsel and an outline of the evidence which the state intended to offer had the case gone to trial.
It is not necessary that we here delineate all of the facts attendant to this case; it is sufficient to note that, pursuant to a common plan, Candy Peoples lured her husband, John Paul Peoples, to a desolate location in southwest Rankin County where he was intercepted by Jim Cooper and Billy Reis. Cooper and Reis locked Mr. Peoples *1070 in the trunk of a car at gunpoint and, subsequently, killed him.
At the conclusion of the hearing on the motion, the trial court quashed the indictment and held that the evidence proposed to be presented would not support the charge of kidnapping. The ruling was erroneous; the case should have gone to trial.
Neither a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of evidence. State v. Grady, 281 So.2d 678, 680 (Miss. 1973); State v. Peek, 95 Miss. 240, 243, 48 So. 819 (1909). See, Callahan v. State, 419 So.2d 165, 168 (Miss. 1982); State v. Bates, 187 Miss. 172, 179, 192 So. 832, 834-835 (1940). If the procedure employed by the trial court in this case were permitted, it would have a momumental effect on our criminal justice system. As this Court observed in Grady,
It would result in a pretrial hearing in practically every case to determine whether the state has sufficient evidence to support the indictment. This could only result in confusion and delay in the trial of a criminal case.
281 So.2d at 680.
The proper time to test the sufficiency of the evidence to support any indictment is when the case is tried on its merits. Then if the evidence on behalf of the state is insufficient to support the charge made in the indictment, on proper motion, the trial court should so hold and direct the jury to find the accused not guilty, otherwise, the case should be submitted to the jury to determine the guilt or innocence of the accused.
Id. at 681-682.
The bottom line is this: the indictment charges conduct prohibited by our criminal laws, to-wit: kidnapping. Miss. Code § 97-3-53 (1972). The indictment makes this charge in plain and concise language and fairly notifies Peoples of the charge against her. See Rule 2.05, Unif.Crim.R. of Cir.Ct.Prac.; Harden v. State, 465 So.2d 321, 324 (Miss. 1985); Henderson v. State, 445 So.2d 1364, 1367-1368 (Miss. 1984). By quashing this indictment the trial judge in effect granted Peoples a summary judgment. There is no such procedure known to our criminal practice.
We note, in passing, that there was some difficulty distinguishing Candy Peoples's status as either an accessory before the fact or a principal to the crime of kidnapping. In this state, that is a distinction without a difference. Section 97-1-3, Miss. Code Ann. (1972) provides that:
Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.
Under our statute, an accessory to any felony before the fact is a principal and may be convicted as a principal in an indictment charging him or her as principal. Blackwell v. State, 231 So.2d 790, 792 (1970) cert. denied, Blackwell v. Mississippi, 400 U.S. 848, 91 S.Ct. 43, 27 L.Ed.2d 86 (1970); Hathorn v. State, 246 Miss. 135, 149 So.2d 845 (1963); West v. State, 233 Miss. 730, 103 So.2d 437 (1958); Goss v. State, 205 Miss. 177, 38 So.2d 700 (1949). Additionally, evidence of the acts of the principal are admissible against the accessory before the fact. Blackwell, 231 So.2d at 792; Carr v. State, 175 Miss. 102, 166 So. 363 (1936).
For the above stated reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.