ISHEE, J.,
for the Court.
¶ 1. Petitioner’s motion for post-conviction relief was denied by the circuit court. Finding no error, we affirm.
STATEMENT OF FACTS
¶2. On April 15, 1997, Dewey L. Oaks (Oaks) entered a guilty plea to manslaughter by culpable negligence, a felony pursuant to Mississippi Code Annotated § 63-11-30(4) (Rev.1996).[1] During the trial court proceeding, Oaks admitted that on August 26, 1995 he willfully, unlawfully, feloniously, and negligently operated a motor vehicle while under the influence of alcohol. Oaks further admitted that while operating that vehicle in a negligent manner, he negligently, unlawfully, and felo-niously caused the death of Amy Rochelle Hardy. Oaks was represented by counsel at that proceeding, and was subsequently sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with fourteen years to be suspended. Oaks was also sentenced to five years of post-release supervision upon his release from his term of incarceration.
¶ 3. In July 2003, Oaks filed a petition for post-conviction collateral relief in the Pontotoc County Circuit Court alleging that his sentence was illegal because it provided for an indefinite term of incarceration, and because the sentence of post-release supervision under Miss.Code Ann. § 47-7-34 (1995) was improper. Oaks asked the circuit court to vacate or set aside his conviction and sentence. In April 2004, the circuit court denied Oaks’s motion.
¶ 4. Aggrieved, Oaks now seeks post-conviction collateral relief from this Court arguing the following: (1) whether Oaks’s sentence was for an indefinite period of incarceration; (2) whether the trial court erred in sentencing Oaks to post-release supervision under § 47-7-34; and (3) whether the indictment was defective.
DISCUSSION
¶ 5. Our standard of review of a trial court’s denial of a motion for post-conviction relief is clear; we review questions of law de novo, and we will not reverse the factual findings of the trial court unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 183 (¶ 6) (Miss.2004).
¶ 6. Oaks claims that he could not lawfully have been sentenced under Mississippi Code Annotated § 47-7-34 because he was not a prior convicted felon. Oaks wrongfully reads Mississippi Code Annotated § 47-7-34 to say that it does not apply to first time offenders. The statute applies to Oaks as he was convicted of a “felony committed after June 30, 1995.” Miss.Code Ann. § 47-7-34 (Rev. 2000). Moreover, the statute does not distinguish between first time and repeat offenders. Id.
¶ 7. Oaks further argues that because he is alleging an illegal sentence, he is not subject to a time bar. Mississippi Code Annotated § 99-39-5(2) provides that, absent specific intervening case law, in order for a petition for post-conviction *1077 relief to be considered, it must be brought within three years from the date on which the plea was entered. In this case, the record clearly reflects that Oaks waited six years to file his petition for post-conviction collateral relief in the circuit court. In as much as Oaks has failed to present any intervening decision from the Supreme Court of either the United States or the State of Mississippi which would have actually adversely affected the outcome of his conviction or sentence, this Court agrees with the circuit court’s ruling that Oaks’s petition for post-conviction collateral relief is time barred.
¶ 8. Moreover, we note that Mississippi Code Annotated § 63-11-30(4) allowed for a maximum sentence of twenty-five years for the charge to which Oaks pled guilty. The trial court sentenced Oaks to a term of twenty years, with fourteen years suspended. The record clearly reflects that Oaks was represented by counsel when he entered his guilty plea, and that Oaks voluntarily entered his guilty plea after a detailed colloquy with the trial judge. See Uniform Rules of Circuit and County Court 8.04. After thoroughly considering Oaks’s arguments, we find that Oaks has failed to show good cause or prejudice which would justify this Court excepting any of these issues from the statutory bars.
¶ 9. THE JUDGMENT OF THE PON-TOTOC COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.

. As part of a 1998 amendment, subpart (4) of Mississippi Code Annotated § 63-11-30 has been renumbered, and is now subpart (5) in the current version of the statute.