IRVING, J.,
Dissenting:
¶ 24. Corey Aucoin was indicted in separate indictments for a total of four felonies: possession of less than one-tenth of a gram of methamphetamine, possession of at least one-tenth of a gram but less than two grams of methamphetamine, possession of two or more precursor chemicals with intent to manufacture methamphetamine, and the manufacture of methamphetamine. The aggregate maximum penalty for these felonies is seventy-two years *149 incarceration in the Mississippi Department of Corrections and a fíne of $2,060,000. He pleaded guilty to the charges, and the circuit court convicted him on his pleas. Thereafter, the circuit court sentenced him to serve four years on the charges in the first indictment and thirty years on the charges in the second indictment, with six years to serve in incarceration and the remaining twenty-four years on post-release supervision. The sentences were ordered to run concurrently, resulting in Aucoin having to serve only six years.
¶ 25. The majority finds that the circuit court erred in accepting Aucoin’s guilty pleas on the charges because the court lacked a factual basis for accepting the pleas. I disagree. Therefore, I dissent.
¶ 26. First, I should point out that Au-coin does not contend here, and did not contend in the circuit court, that he is not guilty of the charges. In Cause No. 04-232, he sought relief only from the sentencing order.[2] I set forth verbatim the gravamen of his petition:
The judgment for which the Petitioner seeks relief is the sentencing order entered on the 16th day of May, 2005, and filed on the 19th day of May, 2005 in the case styled, “In the Circuit Court of Lincoln County, Mississippi, State of Mississippi versus Corey Aucoin, Cause No. 01-232 MS.” A copy of the sentencing order is attached hereto as Exhibit A. The grounds for relief to vacate the judgment are as follows: That Petitioner’s plea was involuntary as a matter of law. The judgment of conviction was entered without due process of law in violation of the Fourteenth and Fifth Amendments to [t]he United States Constitution and Article 3, Section 14 of [t]he Mississippi Constitution. There was no factual basis for the plea as mandated by Rule 8.0IA.3. and Rule 8.0jA.j.b. of the Uniform Rules of Circuit and County Court Practice. There was no determination that the conduct of the Petitioner constitutes the offense charged. The transcript of the plea and sentencing is attached as Exhibit B.
(Emphasis added).
¶ 27. In Cause No. 05-166, Aucoin also sought relief from the sentencing order only.[3] I set forth verbatim the gravamen of his petition:
The judgment for which the Petitioner seeks relief is the sentencing order entered on the 16th day of May, 2005, and filed on the 19th day of May, 2005 in the case styled, “In the Circuit Court of Lincoln County, Mississippi, State of Mississippi versus Corey Aucoin, Cause No. 05-166 LT-LS.” A copy of the sentencing order is attached hereto as Exhibit A. The grounds for relief to vacate the judgment are as follows:
1. That Petitioner’s plea was involuntary as a matter of law. The judgment of conviction was entered without due process of law in violation of the Fourteenth and Fifth Amendments to The United States Consti *150 tution and Article 3, Section 14 of The Mississippi Constitution. There was no factual basis for the plea as mandated by Rule 8.04-A.3. and Rule 8.0UA.U.b. of the Uniform Rules of Circuit and County CouR Practice. There was no determination that the conduct of the Petitioner constituted each of the offenses charged. The transcript of the plea and sentencing is attached as Exhibit B.
2. That the sentence imposed was an illegal sentence, indefinite, and cannot be corrected without passing a new sentence. Therefore, the judgment is void and Petitioner should be discharged on habeous [sic] corpus.
3. The sentence did not distinguish between the three counts for which Petitioner was charged and cannot be corrected without passing a new sentence.
4. That the sentence is illegal as it includes restitution that is in violation of Petitioner’s rights under the due process clause of the Fourteenth Amendment and Fifth Amendment to The United States Constitution and Article 3, Section 14 of The Mississippi Constitution. Restitution is only allowed to the victim as defined in Section 99-37-1 Mississippi Code Annotated 1972 and, if required, under Section 99-37-3 Mississippi Code Annotated 1972. All restitution ordered in this case would amount to an excessive fine under Article 3, Section 28 of The Mississippi Constitution. That the restitution ordered is in violation of Article 14, Section 261 of The Mississippi Constitution.
(Emphasis added).
¶ 28. The Mississippi Supreme Court has stated that in deciding whether there is a sufficient factual basis for a plea, “[i]n the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, ‘that the defendant’s conduct was within the ambit of that defined as criminal.’ ” Corley v. State, 585 So.2d 765, 767 (Miss.1991) (quoting United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).
¶ 29. In Boddie v. State, 875 So.2d 180, 181(¶ 1) (Miss.2004), our supreme court was faced with the same issue that we are faced with today — whether there was a factual basis to support a defendant’s guilty plea. Franklin Rashad Boddie was convicted of the transfer of cocaine, after he pleaded guilty to the crime. Id. In his petition for post-conviction relief, Boddie sought to vacate his conviction and sentence on the ground that there was no factual basis for his plea. Id. In finding that a factual basis existed, the Boddie court stated:
[T]his Court is not limited to the transcript of Boddie’s guilty plea hearing, but we are allowed to review the record as a whole. While the transcript of the guilty plea hearing contains no specific reference to a factual basis for the charge of transfer of cocaine, Boddie made a statement,[4] which the trial court ruled to be admissible, in which he admitted to the crime alleged in the indictment. Boddie also acknowledged at his guilty plea hearing that he was satisfied that the State could prove, beyond a reasonable doubt, that he was guilty of *151 the crime of transfer of cocaine. Thus, based on the totality of the evidence, there existed a factual basis for Boddie’s plea of guilty to transfer of cocaine.
Id. at 183(¶ 8) (internal citations omitted and footnote added).
¶ 30. During Aucoin’s guilty plea hearing, the circuit court went over the elements of the crimes and also the maximum and minimum penalty for each crime. After doing so, the following exchange took place between the circuit court and Aucoin:
BY THE COURT: Are you pleading guilty because you are guilty and for no other reason?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Are you satisfied that the State can prove beyond a reasonable doubt that you are guilty?
BY MR. AUCOIN: Yes, Your Honor.
⅜ ⅜ ⅜ ⅝ * ⅝
BY THE COURT: To each of these charges, how do you plead?
BY MR. AUCOIN: Guilty, Your Honor.
¶ 31. In my opinion, a factual basis existed to support Aucoin’s guilty pleas. Similar to the defendant in Boddie, Aucoin stated during his plea qualification hearing that he was satisfied that the State could prove him guilty of the crimes beyond a reasonable doubt. Additionally, Aucoin admitted during the hearing that he was guilty of the crimes that were alleged in the indictments. Further, the record reflects the following exchange between Au-coin and the circuit court:
BY THE COURT: Have the attorneys gone over the indictments with you and the elements of the crimes?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Do you understand the elements of the crimes?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Did the attorneys go over the discovery material, the police reports and whatnot provided from the district attorney’s discovery file with you?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Have the attorneys answered all of your questions?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Are you satisfied with your attorneys’ representation?
BY MR. AUCOIN: Yes, Your Honor.
¶ 32. In my view, the pertinent facts here are very similar to the facts in Bod-die. While it is true that the Boddie court, in reaching its determination that a factual basis existed, referred to an out-of-court statement that Boddie made to the police, a closer look at, and analysis of, that statement reveals little more than what we have here.
¶ 33. Boddie “was indicted for the crimes of transfer of cocaine and aggravated assault. Boddie filed a motion to quash the indictment, alleging that the grand jury did not have sufficient evidence to indict him.” Boddie, 875 So.2d at 181(¶ 2). During the hearing on the motion to quash the indictment, the following occurred:
The State informed the court that in order to prove that Boddie transferred cocaine, the prosecution intended to introduce the alleged expert testimony of the drug addict to whom the cocaine was delivered. The trial court held that the “opinion of a drug user that the substance is cocaine is not sufficient.” The trial court further stated that “[t]o allow prosecution for the transfer of cocaine indictment when the court has made this ruling, would be improper. The parties have stipulated as to what the proof would be and therefore, this court feels comfortable in granting what is in effect a directed verdict.” The trial court also *152 ruled that the statement made by the defendant that he did in fact transfer the cocaine could be used against him to prove motive under the aggravated assault indictment.
Id. at 181-82(¶ 3).
¶ 34. The trial court entered an order embodying the contents of the quoted passage but did not quash the indictment. Id. However, after entry of the order, plea negotiations continued between the State and Boddie, and ultimately, Boddie entered a plea of guilty to the transfer charge. Id. at 182(¶ 4).
¶ 35. Sometime after the plea, Boddie obtained new counsel and filed a petition for post-conviction relief, wherein he alleged “that he should not have been allowed to plead guilty to the charge of transfer of cocaine because the trial court’s ruling effectively dismissed the charge against him.” Id. at (¶ 5). In denying the petition, the trial court held:
[I] basically was giving an opinion that with that evidence I didn’t think the State would prevail, because if they didn’t have the substance then the case law was against it, even armed with that ruling the defendant chose to plead guilty to the offense of transfer of cocaine. So, it would just be [an] injustice to allow that to happen. It would defy reason and logic, and the defendant was very well aware of the circumstances, as was his attorney and his [m]other who signed off on the Know Your Rights Form.

Id.

¶ 36. It is, therefore, clear that in Bod-die, the issue of the existence vel non of a factual basis arose not in the context of whether the trial court adduced enough information at the plea qualification hearing to support the guilty plea, but in the context of whether there was any evidence to support the guilty plea because of the prior ruling of the trial court — a ruling that, in the trial court’s own words, was tantamount to the granting of a “directed verdict” in Aucoin’s favor. Also, in that same ruling, as we have previously noted, the trial court had emphatically stated that to allow prosecution for the transfer of cocaine indictment when the court has made this ruling, would be improper.
¶ 37. Against the factual backdrop as detailed above, the Boddie court held that the trial court, which had granted what was tantamount to a directed verdict on the charge and had declared that it would be improper to allow prosecution to proceed on the State’s evidence, still had a sufficient factual basis for accepting Bod-die’s guilty plea. As previously noted, in making that determination, the Boddie court relied in part upon a statement made outside of court by Boddie to police “in which he admitted to the crime alleged in the indictment.” Id. at 183(¶ 8). The other plank undergirding the Boddie court’s ruling with respect to the factual basis was Boddie’s acknowledgment during the plea qualification hearing “that he was satisfied that the State could prove, beyond a reasonable doubt, that he was guilty of the crime of transfer of cocaine.” Id.
¶ 38. As to the pertinent facts, our case is not only on all fours with Boddie, it is arguably stronger because of one point: here Aucoin acknowledged at the plea hearing that his attorneys had gone over with him all of the discovery materials tendered by the district attorney and that his attorneys had answered all of his questions. He further acknowledged that he was satisfied with his attorneys’ performance. No such acknowledgments exist in Boddie. In fact, one of the allegations in Boddie was “that he should not have been allowed to plead guilty.” Id. at 182(¶ 5). I fail to discern how the admission by Bod-die to the police that he was guilty of the crime charged in the indictment carries or *153 should carry greater weight in the factual-basis analysis than Aucoin’s admission in court that he was guilty of the crimes charged in the indictment. In fact, it seems to me that Aucoin’s admission should carry greater weight because an admission before, and to, a judge is not likely to be influenced by any degree of intimidation that may occur when a defendant is being interrogated by an armed policeman investigating a crime. In any event, I am satisfied that Aucoin’s acknowledgment at the plea hearing that he and his attorneys had gone over the discovery materials provided by the district attorney provides as much undergirding for the existence of a factual basis as did Boddie’s statement to the police. As already noted, Aucoin does not allege here, and did not allege in the circuit court, that no factual basis exists for his guilty pleas. Rather, he simply alleges that one was not presented to the trial court, either by him or by the State at the plea hearing. However, in Boddie, Boddie alleged that no factual basis existed because the trial court had ruled that the evidence upon which the State was relying was insufficient as a matter of law.
¶ 39. I would find on the bases of Bod-die, and on the additional facts that are attendant here, that a factual basis exists for Aucoin’s guilty pleas. I would affirm the judgment of the circuit court denying post-conviction relief in Cause No. 04-232. However, I would affirm the conviction in Cause No.05-166 and remand for proper sentencing, as I find that the general sentence for three separate felonies is not permitted by our law.
LEE, AND MYERS, P.JJ., AND BARNES, J., JOIN THIS SEPARATE OPINION.

. He was sentenced to four years for his conviction in this cause number. The sentencing order recites that Aucoin pleaded guilty on a former day of the regular term of the court and addresses only Aucoin's sentence, not his conviction.

. In this cause, Aucoin was sentenced to thirty years with twenty-four years to be served on post-release supervision. He was also sentenced to pay a fine and ordered to make certain restitution. As is the case with the sentencing order in Cause No. 04-232, the sentencing order recites that Aucoin pleaded guilty on a former day of the regular term of the court and addresses only Aucoin's sentence, not his conviction.

. Prior to the guilty plea hearing, Boddie made a statement that he did in fact transfer the cocaine.